**Francis BROWN, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 90–1106.**

United States Court of Appeals,
Eighth Circuit.

Submitted July 13, 1990.

Decided Aug. 31, 1990.

Francis Brown, pro se.

Patricia McGarry, St. Louis, Mo., for appellee.

Before McMILLIAN, WOLLMAN, and BEAM, Circuit Judges.

1. The Honorable John F. Nangle, Senior Judge, United States District Court for the Eastern District of Missouri.

2. We believe that the statement in *Savage El v. Missouri*, 556 F.Supp. 599, 601 (W.D. Mo.1983), that a Missouri court does not have the authority to order a sentence to run concurrently with

PER CURIAM.

Francis Brown, a federal inmate, appeals from the district court's [1] order denying his 28 U.S.C. § 2255 motion in which he claimed he was subjected to double jeopardy and received ineffective assistance of counsel. We affirm.

Brown pleaded guilty in federal court to one count of distributing one gram of methamphetamine, one count of distributing one ounce of methamphetamine on the same day, and one count of conspiracy to distribute methamphetamine. The district court sentenced him to consecutive terms of five years imprisonment and five years special parole on each of the distribution counts, and to a concurrent sentence of five years imprisonment and ten years special parole on the conspiracy count.

Brown's double jeopardy claim is without merit. Where distributions of a sample and the remaining drugs were not contemporaneous, multiple sentences are appropriate. *United States v. Elliott*, 849 F.2d 886, 890 (4th Cir.1988); *United States v. Smith*, 757 F.2d 1161, 1165 (11th Cir. 1985). Because Brown was not subjected to double jeopardy it could not have been ineffective assistance on counsel's part not to advise Brown of the defense.

Another ground of Brown's ineffective assistance of counsel claim was that counsel encouraged Brown to expedite the federal proceedings by pleading guilty so that he could accept a plea bargain offered by Missouri that his state sentences on pending charges would be concurrent to his federal sentences.[2] The record indicates that the state court judge did in fact order that its sentence run concurrently with Brown's federal sentence. Nevertheless, upon being sentenced in Missouri, Brown was transferred to Missouri state prison where he served only his state sentence. He was then transferred to federal custody

a federal sentence in federal custody, is incorrect. We read Mo.Rev.Stat. § 558.026.3 (Missouri court may cause its sentence to run concurrently with a sentence an individual is serving or is to serve "in another state"), to provide such authority.

to serve his federal sentence. The fact that Brown was not originally transferred by Missouri authorities to federal custody for concurrent service of both state and federal sentences (either because the state court order was not clear on this, or because of an error by state prison authorities) did not render counsel's advice defective on this matter.

█ This court cannot provide a remedy, within the context of this case, for the state's breach of its plea agreement with Brown. *See Shabazz v. Carroll,* 833 F.2d 149 (9th Cir.1987) (federal appellate court lacks jurisdiction to credit time spent in state prison against federal sentence where state sentence provided it should run concurrently with federal sentence, but state authorities did not return prisoner to federal custody), *cert. denied,* 487 U.S. 1207, 108 S.Ct. 2851, 101 L.Ed.2d 888 (1988). We direct appellee to bring Brown's circumstances to the attention of the United States Parole Commission, which in its discretion might take them into consideration.